IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30633
Conference Calendar
_____

JOSEPH SIAS,

                                        Plaintiff-Appellant,

versus

GEORGE WACKENHUT et al.,

                                        Defendants,

JOHN SIMON, Dr.,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 98-CV-599
--------------------
December 13, 2000

Before DAVIS, STEWART, and PARKER, Circuit Judges

PER CURIAM:[*]

In this action brought under 42 U.S.C. § 1983, Joseph Sias, Louisiana prisoner # 371351, proceeding pro se and in forma pauperis, appeals summary judgment in favor of the sole remaining defendant, Dr. James Simon, a staff physician at the Allen Correctional Center. Sias contends that Simon violated his Eighth Amendment rights by discontinuing his prescription for Elavil, an antidepressant that was used to treat Sias's diabetic

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

peripheral neuropathy.  When Sias was disciplined for attempting to smuggle Elavil out of the prison infirmary, Dr. Simon discontinued the Elavil prescription and determined that Sias could be adequately treated with over-the-counter medicines, in accordance with prison policy.

A grant of summary judgment is reviewed de novo under the same standard applied in the district court.  Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991).  Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmovant, "'there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law.'"  Id. (quoting Fed. R. Civ. P. 56(c)).  If the movant points out the absence of evidence supporting the nonmovant's claims, the nonmovant must set forth specific facts showing a genuine issue for trial.  Little v. Liquid Air Corp., 37 F.3d 1069, 1075-76 (5th Cir. 1994) (en banc).

The Eighth Amendment proscribes medical care that is "sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  A prisoner's disagreement with prison officials regarding medical treatment is insufficient to establish an unconstitutional denial of medical care.  Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

The uncontested summary-judgment evidence indicates that Sias's condition was treatable with readily available alternative medications.  Dr. Simon's decision to treat Sias's complaints with over-the-counter pain relievers rather than a prescription

antidepressant shows only a difference of opinion as to the proper course of treatment. Sias has failed to show any genuine issue of fact material to whether Simon acted with deliberate indifference to his health problem.

AFFIRMED